Gunter, J.
Appellant filed with, the county court his final report as executor of the will of George W. Clayton, deceased, and asked its approval.
Appellee excepted to the report because of the pendency of Lathrop v. Hallett as Executor et al., decided at our present term, wherein she was plaintiff below. The exception was sustained. To review the ruling is this appeal.
Said will, after providing for the payment of debts, legacies and annuities, gave the residue of the estate of deceased — near two million dollars — to trustees for the establishment of a. college.
The final report of the executor (appellant), the correctness of which, in the absence of exception, we assume, discloses that the executor has performed all of the duties as such and is ready to turn over said fund to the trustee for the realization of the purposes of the trust — the establishment of the college — and asks an order permitting him to turn over the fund to himself as trustee; for the approval of his final account and his discharge as executor.
Appellee objected to the order being made because of the pendency of said action. — Lathrop v. Hallet as Executor et al.
If whatever rights appellee was litigating in that action would not be prejudiced by granting the order sought by appellant, the executor, the order should not be denied on such objection of appellee.
The wholesome step, the closing of the administration, should be taken unless it will substantially prejudice appellee’s interest involved in that litigation. The complaint therein avers the appointment and qualification of appellant as executor of said will; the institution of an action contesting the will; the employment of appellee by appellant to defend the contest; her successful defense; the reasonable *214 value of the services so rendered, and the refusal of appellant, the executor, to pay therefor.
The complaint further alleges that the residue of said estate- — such residue being of great value— was given appellant and the city of Denver in trust for the establishment and maintenance of a college, and prays that a lien be declared on the judgment obtained in the action contesting the will, and the trust involved therein, for the reasonable value of appellee’s services therein, and for an order that appellant, as executor of, and trustee under said will, and the city of Denver, as trustee thereunder, pay the amount so allowed from said trust fund. The trustees under the will were made defendants.
The answers denied the employment, also the rendition and value of the alleged services.
If such complaint stated a cause of action— which we assume but do not decide — it is admittedly one in equity for the enforcement of a statutory lien on the trust fund for the reasonable value of appellee’s services in the action in which her judgment was rendered, the action contesting the will. — Fillmore v. Wells, 10 Colo. 228.
If such assumed cause of action should be proved at the trial and the decree- prayed be .granted, the effectiveness of such decree would to no extent be impaired by appellant having been previously discharged as executor of said will, because, perforce the only favorable decree that could be obtained in Lathrop v. Hallet as Executor et al., she would have a lien on the solvent trust fund to secure the amount allowed her for counsel fees, and an order on the trustee to pay the amount of such lien from the trust fund.
We do not think the pendency of Lathrop v. Hallett as Executor et al., was a sufficient ground for the *215 court’s declining to approve the final report of the executor and ordering his discharge.
Judgment reversed. iReversed.